[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
The plaintiff Sidney Wylie, an inmate at Northern Correctional Institution in Somers, Connecticut, has filed a motion for a temporary restraining order to prohibit the defendant Department of Correction and its employees from conducting certain fingerprinting practices at the New Haven Correctional Center on Whalley Avenue in New Haven, Connecticut.
The plaintiff in his underlying complaint filed in April, 2000, alleges that he was incarcerated at the New Haven Correctional Center on August 27, 1998, and was at that time obligated to undergo a fingerprinting procedure in a part of the facility that was in full view of certain other inmates and correctional staff. The purpose of the fingerprinting, he alleges, was to complete the required registration procedure as a sex offender, as a result of an earlier conviction, before being processed out on bond for the charge on which the plaintiff was then being held. He alleges that this violated his right to privacy, and his complaint requests a declaratory judgment, a permanent injunction, and damages.
On May 23, 2000, the Office of the Attorney General appeared for the defendant Department of Correction and for certain department employees who were named as individual defendants. Until now, neither the plaintiff nor the defendants have filed any other motion or pleading to move this case toward resolution.
In the plaintiffs current Motion for Temporary Restraining Order, the plaintiff realleges substantially the same allegations as are in the complaint and seeks immediate equitable relief. However it is clear from the allegations in the motion that the plaintiff, evidently now an inmate at Northern Correctional Institution, has already submitted to the fingerprinting and is under no threat of being re-fingerprinted at the New Haven Correctional Center at any time in the near future. This is not a class action, so that the plaintiff has no standing to assert that other individuals may be subjected to any such practice. Because on the CT Page 5389 face of his papers he alleges no set of facts that would entitle him to equitable relief, the court finds it unnecessary at this time to await a response by the Attorney General, and sua sponte, denies the Motion.
That said, the court must comment on the failure of the defendant to take steps to defend this action. The court is aware that there are many civil lawsuits filed by inmates in the correctional system. The fact that most of these cases are ones which the Office of the Attorney General,[1]
with its limited staff and resources, is obligated to defend is no excuse for the failure of that office, for nearly a year, to undertake any response whatsoever in this case.
The court orders counsel for the defendants to review this matter immediately and to file a pleading or other appropriate responsive paper within fourteen days of the date of this order.
Patty Jenkins Pittman, Judge